UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTOINE TELFORD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 07-11830-JLT |
| | * | |
| IRON WORLD MANUFACTURING, LLC, and RICHARD STELLABUTO | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

January 28, 2010

TAURO, J.

I. Introduction

This action arises out of a failed oral employment contract between Plaintiff Antoine Telford and his former employer, Iron World Manufacturing, LLC ("Iron World"). In the complaint, Plaintiff asserts one count of breach of contract, one count of promissory estoppel, one count of misrepresentation, and one statutory count, pursuant to the Massachusetts Wage Act. The targets of the complaint are Iron World and Richard Stellabuto, president of Iron World, with whom Plaintiff conducted most of the contract negotiations. In counterclaim, Defendants assert one count of misappropriation of trade secrets and one count of breach of the duty of loyalty to Defendant.

Presently at issue are Defendants' Motion for Summary Judgment [#29] and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims [#33]. Because material factual disputes persist with regard to Plaintiff's claims and Defendants' counterclaims, Defendants' Motion for Summary Judgment [#29] and Plaintiff's Motion for Summary Judgment on

Defendants' Counterclaims [#33] are DENIED.

In addressing the merits of these motions, this court found it necessary to first resolve the parties' legal dispute as to which state's law governs the this action. Plaintiff argues that Massachusetts law properly applies, while Defendant contends that Maryland law should govern. This court, therefore, issues the following memorandum for the limited purpose of elucidating the choice-of-law questions raised by the parties' on summary judgment.

II. Discussion

"When facing a claim that does not arise under the Constitution or the laws of the United States, a federal court must apply the substantive law of the forum in which it sits, including the state's conflict-of-laws provisions."[1] This court, therefore, must apply Massachusetts choice-of-law principles to determine which state's law governs the claims at issue here.

With regard to both torts and contracts cases, the Massachusetts Supreme Judicial Court has adopted a functional choice-of-law approach that seeks to respond to the interests of the parties, the states involved, and the interstate system as a whole.[2] As such, the Supreme Judicial Court takes guidance in its choice-of-law determinations from the considerations set forth in the *Restatement (Second) of Conflict of Laws*. In general, Massachusetts law requires the court to apply the substantive law of the state with the most significant relationship to the transaction or occurrence and to the parties.[3]

---

[1] Dykes v. DePuy, Inc., 140 F.3d 31, 39 (1st Cir. 1998); see also Levin v. Dalva Brothers, Inc., 459 F.3d 68, 74 (1st Cir. 2006).

[2] Bushkin Assocs. v. Raytheon Co., 393 Mass. 622, 631 (1985).

[3] *Restatement (Second) Conflict of Laws* §§ 145, 188.

*Restatement (Second) of Conflict of Laws* § 6 sets forth the factors generally applicable to choice-of-law determinations.[4] These include: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.[5]

A. Application of Choice-of-Law Principles to Contract Claims

With respect to contract claims, the *Restatement* provides more specifically that, in the absence of an effective choice of law by the parties:

> [T]he contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.[6]

In the case of a contract for the rendition of services, such as the employment contract at issue here, the *Restatement* provides that:

> The validity of a contract for the rendition of services and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the contract requires that the services, or a major portion of the services, be rendered, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties,

---

[4]See Bushkin Assocs., 393 Mass. at 632.

[5]Id. § 6(2).

[6]Id. § 188(2).

in which the event the local law of the other state will be applied.[7]

Importantly, Massachusetts has rejected a mechanical approach that would simply quantify the number of contacts favoring the application of one state's law over another's and instead emphasizes the choice-influencing factors listed in § 6. Where the relevant considerations and contacts outlined by the *Restatement* do not persuasively point to the application of either state's law, Massachusetts law directs courts to look to the expectations of the parties for guidance.[8] Applying the approach of the *Restatement* to the contract claims in this case, it is readily apparent that the relevant considerations and contacts are nearly balanced as between Massachusetts and Maryland.

Because the contract at issue is one for the rendition of services, this court begins its analysis with the place of performance. Plaintiff began working for Defendant on March 19, 2007. The contract contemplated that, from that time until Plaintiff's anticipated moved to Maryland in the fall of 2007, Plaintiff would work three days a week at his home in Massachusetts and two days a week at Defendant's offices in Maryland.[9] Plaintiff agreed to move to Maryland some time after August 2007, at which time he would have begun working five days a week in Maryland. Plaintiff, however, resigned on September 7, 2007, while still living in Massachusetts.[10]

---

[7]Id. § 196.

[8]Bushkin Assocs., 393 Mass. at 635.

[9]Pl.'s Statement of Material Facts Opp. Def.'s Mot. Summ. Judg., Ex. 2, Aff. of Antoine Telford, ¶ 8 [hereinafter "Telford Aff."].

[10]Id.

Notably, the parties vehemently dispute whether the contract established an at-will or year-to-year employment relationship, thereby making it impossible to determine for how long the contract contemplated Plaintiff would work five days a week in Maryland. On these facts, this court cannot reasonably make a finding as to where Plaintiff was to perform the bulk of the services under the contract and, therefore, turns to the other contacts listed in *Restatement* § 188.

The place of negotiation, place of contracting, and respective domiciles of the parties similarly fail to resolve the choice-of-law issue, as the facts demonstrate equal contacts to Massachusetts and Maryland on all three fronts. Though Plaintiff traveled to Maryland twice, early on in the recruitment period, the vast majority of contract negotiations were conducted by email or over the phone, while Plaintiff sat in Massachusetts and Defendant sat in Maryland.[11] Based on the evidence presented, it also remains unclear in which state contract formation took place, since the parties exchanged a number of offers and counter-offers by email at the end of January 2007, and only came to a final agreement at the end of February 2007 "after further dicussion."[12] Throughout the process, Plaintiff resided in Massachusetts, while Defendants resided entirely in Maryland.

The Massachusetts Supreme Judicial Court dictates that where, as here, the contacts are nearly balanced between two states, courts should seek to protect the justified expectations of the parties with respect to choice-of-law.[13] Unfortunately, the seemingly haphazard negotiations out

---

[11]Id. ¶ 4.; Def.'s Mot. Summ. Judg., Ex. 1, Aff. of Richard Stellabuto, ¶ 16 [hereinafter "Stellabuto Aff."].

[12]Def.'s Statement of Material Facts, ¶ 24; Telford Aff., ¶ 9.

[13]Bushkin Assocs., 393 Mass. at 635.

of which this oral contract arose do not make clear what these parties in fact expected. Defendants argue that applying Maryland law protects the expectations of the employer and employee. But the reasons they supply to support such a contention largely boil down to the fact that they, the employers, are located in Maryland. And, as explained above, domicile of one of the parties is insufficient, in and of itself, to establish which state's law governs the rights of the parties under the contract.

In sum, the facts underlying the formation of the contract at issue provide this court with little to no guidance as to which state's law should apply. Additionally, the Massachusetts Supreme Judicial Court does not appear to provide definitive guidance as to what this court should look to when the expectations of the parties fail to clarify the issue. And so, given these opaque circumstances, this court finds it appropriate to apply the law of the forum state, Massachusetts, to Plaintiff's claims sounding in contract, to the extent that Massachusetts and Maryland law conflict.

B. Application of Choice-of-Law Principles to Tort Claims

With respect to issues arising in tort the *Restatement* provides that, in general:

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.[14]

1. Plaintiff's Misrepresentation Claim

With regard to misrepresentation claims, in particular, the *Restatement* provides that, when the plaintiff's reliance took place, at least in part, in a state other than where the defendant

[14] *Restatement (Second) of Conflict of Laws*, § 145.

made the false representations, the court should consider the following contacts to determine which state has the most significant relationship to the occurrence:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.[15]

Plaintiff alleges in the complaint that Defendant Stellabuto made numerous misrepresentations during contract negotiations, for the purpose of inducing Plaintiff to leave secure employment and come to work for Iron World. Though Plaintiff traveled to Maryland twice during employment negotiations,[16] Defendant appears to have communicated the relevant alleged false representations to Plaintiff by phone and email, while Plaintiff sat in Massachusetts and Defendant sat in Maryland.[17]

As with the contract claims, these facts demonstrate fairly balanced contacts as to the states involved, thus providing this court with scant guidance as to which state's law should govern resolution of the claim. Plaintiff received and relied on the alleged misrepresentations in Massachusetts, though Defendant made them in Maryland. Plaintiff resides in Massachusetts,

---

[15]Id., § 148(2).

[16]Pl.'s Statement of Material Facts Opp. Def.'s Mot. Summ. Judg., ¶15; Stellabuto Aff., ¶¶ 10-11.

[17]Telford Aff. ¶¶ 4-7; Pl.'s Statement of Material Facts Opp. Def.'s Mot. Summ. Judg., Ex. 5, Email Exchange Between Richard Stellabuto and Antoine Telford.

while Defendants reside in Maryland. And, as explained above, this court cannot decipher, based on the facts as presented, which state was to be the more significant place of performance. Accordingly, this court cannot reasonably conclude that contacts with one state predominate over contacts with the other, or that fairness requires the application of a particular state's law. This court, therefore, will apply the law of the forum state, Massachusetts, to the extent that it conflicts with Maryland law.

2. Defendant's Counterclaims

Defendants assert two counterclaims against Plaintiff. First, Defendants allege that Plaintiff misappropriated Iron World's trade secrets when he retained possession of Iron World's Sell Book and Lead File after resigning from the company. Defendants assert that Plaintiff was given a copy of the Sell Book, which contains the company's pricing information and product specifications, upon starting his job at Iron World.[18] Though Iron World kept only one copy of the Lead File, which lists existing and potential Iron World customers, Plaintiff had access to the Lead File, as it was stored in a filing cabinet directly outside of his office.[19] In the second counter-claim, Defendants allege that Plaintiff breached his duty of loyalty to Iron World by misappropriating Iron World's trade secrets as described above, by giving unapproved discounts to favored customers, and by deleting proprietary information from his Iron World laptop after submitting his resignation.

Viewed in light of the *Restatement*'s choice-of-law principles applicable generally to tort cases, the facts underlying these two claims point persuasively toward the application of Maryland

---

[18]Def.'s Mot. Summ. Judg., Ex. 6, Dep. of Richard Stellabuto, 374:3-14.

[19]Def.'s Mot. Summ. Judg., Ex. 5, Dep. of Antoine Telford, 286:4-16.

law. The facts do not make clear whether Defendant was in Massachusetts or Maryland when he allegedly failed to return his copy of the Sell Book, gave unapproved discounts, or deleted proprietary information from his Iron World Laptop. Plaintiff, however, would necessarily have been in Maryland when he allegedly took the Lead File, since the only copy of the document physically resided in Iron World's Maryland office.

Additionally, regardless of where Plaintiff's alleged conduct took place, the injuries to Iron World were felt in Maryland, as Iron World resides entirely within that state. As per the comments to *Restatement* § 145(2), when injury occurs in a single state, the place of injury takes on particular significance in the choice-of-law determination because "persons who cause injury in a state should not ordinarily escape liabilities imposed by the local law of that state on account of the injury."[20] Accordingly, this court concludes that Maryland law governs Defendants' counterclaims, to the extent that Maryland and Massachusetts law conflict.

C. Plaintiff's Statutory Claim Pursuant to Mass. Gen. L. c. 149 § 148

Lastly, Plaintiff has asserted a claim for unpaid wages under the Massachusetts Wage Act,[21] seeking compensation for three days of work. Defendants argue that Plaintiff's claim fails as a matter of law because the wage act does not apply to employers operating outside Massachusetts. This court disagrees.

As Defendants correctly point out, Massachusetts statutes "are presumed not to apply extraterritorially unless there is clear legislative intent."[22] And the only Massachusetts state court

---

[20]*Restatement (Second) of Conflict of Laws*, § 145(2), comment (e).

[21]Mass. Gen. L. c. 149, § 148.

[22]Hadfield v. A.W. Chesterton Company, 26 Mass. L. Rep. 101, 3-4 (Mass. Super. 2009).

decision to address the issue found that no such legislative intent existed with regard to the Wage Act and, thus, the Wage Act does not apply outside Massachusetts.[23] But, the court also held that the appropriate inquiry is not whether the employer resides in Massachusetts, but whether the employee worked in Massachusetts.[24] The parties here do not dispute that Plaintiff worked three days a week in Massachusetts during the relevant time period. Additionally, the Attorney General of Massachusetts issued Plaintiff a right to sue letter based on the fact that he had performed work in Massachusetts.[25] Accordingly, this court finds it appropriate to apply the Massachusetts Wage Act to Plaintiff's claim for unpaid wages.

IV. Conclusion

For the foregoing reasons, this court finds that Massachusetts law applies to the four claims raised by Plaintiff in the complaint and Maryland law applies to the two counterclaims asserted by Defendant.

Further, this court concludes that material factual disputes persist with regard to Plaintiff's claims and Defendants' counterclaims. Defendants' Motion for Summary Judgment [#29] and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims [#33] are, therefore, DENIED.

AN ORDER HAS ISSUED.

/s/ Joseph L. Tauro
United States District Judge

---

[23]Id.

[24]Id. at 5-6.

[25]Pl.'s Statement of Material Facts Opp. Def.'s Mot. Summ. Judg., Ex. 18, Letter re: Authorization for Immediate Private Suit.